## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:06CV-00118-JHM

**JAMES F. FALLER, II**                                                                         **PLAINTIFFS**

**VS.**

**LANCE HARRIS, ET AL.**                                                                        **DEFENDANTS**

### FINDINGS OF FACT, CONCLUSIONS OF LAW
### AND RECOMMENDATION

### BACKGROUND

By order entered July 23, 2007, the District Judge referred this matter to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for the purpose of rendering a report and recommendation addressing whether, pursuant to Fed.R.Civ.P. 12(b)(1) or (6), the Court should *sua sponte* dismiss this action or, in the alternative, pursuant to the Younger[1] Abstention Doctrine, stay this action pending resolution of the underlying criminal case before the Russell Circuit Court (DN 52).

### FINDINGS OF FACT

This action was originally filed on August 4, 2006, by Plaintiff, James F. Faller, II ("Faller"), a Kentucky resident (DN 1). His complaint names the following eighteen Defendants: Lance Harris, Michael Harves, Donna Blonien, William Dale Brizendine, Christine Brizendine, Priscilla Riggins, Roderick Wheat, Dolly Kraft, James Kemp, Sheila Ellis, Rachael Owen (aka Rachael Witt), Brooke Wilson, Brenda Helm, Isaiah Super, Dana Hagy, Autumn Leahy, Terry

---

[1] Younger v. Harris, 401 U.S. 37, 37-38 (1971).

Burton, and Ricky W. Hayden (DN 1). Faller's complaint indicates Lance Harris resides in Arizona, Michael Harves resides in Texas, and the other sixteen Defendants reside in Kentucky (DN 1). He claims all of the Defendants are doing business and/or reside within the Western District of Kentucky (DN 1, Paragraph 3).

Faller has entitled the seven sections of his complaint as follows: jurisdiction; plaintiff; defendants; summary of the complaint; manner and means; prayer; and jury demand (DN 1). In the section entitled jurisdiction, he alleges the Court has jurisdiction because "[t]his controversy involves 42 U.S.C. Section 1983 (deprivation of civil rights), 28 U.S.C. Sections 2201-2202 (declaratory judgment action), 28 U.S.C. Section 1331 (federal question) and 28 U.S.C. Section 1343 (civil rights)" (DN 1, Paragraph 1). According to Faller, the Court has "original jurisdiction over the (i) federal question claims under 28 U.S. Section 1331; (ii) and civil rights claims under 28 U.S.C. Section 1343..." (DN 1, Paragraph 2). Faller asserts the Court has supplemental jurisdiction over his State law fraud claim[2] against Defendants (DN 1, Paragraph 5).

In the body of the complaint Faller alleges all eighteen Defendants individually, collectively, jointly and severally violated the Racketeer Influence and Corrupt Organizations Act, 18 U.S.C. §§ 1962(a)-(d) ("the RICO Act") (DN 1). According to Faller, Defendants violated RICO because they are part of a grand conspiracy that involved (1) theft of blank business checks[3] while they were his employees; (2) filling out and attempting to cash these business checks at area stores; (3) making false criminal charges against Faller and his wife after Faller reported the business checks stolen; and (4) giving perjured testimony before the Russell County Grand Jury to get Faller

---

[2] Citing KRS 413.120(12), Faller alleges a five-year statute of limitations applies to his State law fraud claim (DN 1, Paragraph 5).

[3] While the complaint does mention other business assets were stolen (e.g., cash, computers) the focus of the complaint is the blank checks (DN 1).

and his wife falsely charged (DN 1, Page 8-9). According to Faller, Defendants falsely claimed that he and his wife owed them wages (DN 1, Pages 8-9). Faller also claims Defendant Ellis, acting on her own as a test for the other Defendants, contacted his attorney and made a request for money in exchange for changing her false testimony (DN 1, Page 9).

In the prayer section of the complaint, Faller requests the following relief: (1) adjudge or decree that each Defendant acted unlawfully as alleged and that Faller has been injured as alleged; (2) an award against Defendants on all counts because their conduct was facially criminal as to Faller; (3) award Faller $200,000 in damages for lost property and for any future losses and associated costs; (4) issue an injunction in favor of Faller and against Defendants which prohibits them from directly and through co-conspirators committing any further criminal conduct against Faller, his family and associates; (5) award Faller punitive damages in the amount of $10,000,000; (6) award Faller damages for emotional distress in the amount of $10,000,000; (7) award Faller his fees and costs against Defendants; (8) award Faller pre-judgment interest and post-judgment interest against Defendants; and (9) award Faller such other and further relief the Court may deem just and proper (DN 1, Pages 9-10).

CONCLUSIONS OF LAW

A

The undersigned will first address whether Faller's deprivation of civil rights claims, under 42 U.S.C. § 1983[4], should be dismissed under Fed.R.Civ.P. 12(b)(1). The Court "may, at any

---

[4]Notably, when a § 1983 claim alleges constitutional violations, 28 U.S.C. § 1343 provides the district court with jurisdiction. Berger v. City of Mayfield Heights, 265 F.3d 399, 405 (6th Cir. 2001); Americans United for Seperation of Church and State v. School District of the City of Grand Rapids, 835. F.2d 627, 631-632 (6th Cir. 1988).

3

time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). For example, the plaintiff in Apple filed a § 1983 civil rights action against Senator John Glenn, Chief Justice William Rehnquist, and other top government officials. 183 F.3d at 478-479. He claimed they violated his First Amendment right to petition the government because they did not answer his many letters or take the action requested in his letters. Id. at 478-479. The Sixth Circuit found his claims not "arguably plausible" because the First Amendment right to petition "does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views." Id. at 479. The Sixth Circuit concluded dismissal under Rule 12(b)(1) was appropriate because "his claims lacked the legal plausibility necessary to invoke federal subject matter jurisdiction." Id. at 480 (citation omitted).

The statute at issue provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

42 U.S.C. § 1983. Thus, to state a viable § 1983 claim, Faller must allege that: (1) he has been deprived of a right, privilege, or immunity secured by the Constitution and laws of the United States; and (2) that the deprivation was caused by a person while acting under color of State law. Flagg

4

Brothers, Inc. v. Brooks, 436 U.S. 149, 155-157 (1978).

Faller is alleging private deprivation, not governmental deprivation, of rights established by the Constitution (DN 1 at Paragraph 27). Thus, the following is particularly relevant to the circumstances herein:

> "A moment's reflection will clarify the essential distinction between the two elements of a § 1983 action. Some rights established either by the Constitution or by federal law are protected from both governmental and private deprivation. See, e.g., Jones v. Alfred H. Mayer Co., 392 U.S. 409, 422-424, 88 S.Ct. 2186, 2194, 2195, 20 L.Ed.2d 1189 (1968) (discussing 42 U.S.C. § 1982). Although a private person may cause a deprivation of such a right, he may be subjected to liability under § 1983 only when he does so under color of law. Cf. 392 U.S., at 424-425 and n.33, 88 S.Ct. at 2195. However, most rights secured by the Constitution are protected only against infringement by governments. See, e.g., Jackson, 419 U.S., at 349, 95 S.Ct., at 452; Civil Rights Cases, 109 U.S. 3, 17-18, 3 S.Ct. 18, 25-26, 27 L.Ed. 835 (1883)."

Flagg, 436 U.S. at 156.

Here, the complaint in relevant part alleges as follows:

> "At all times the conspiracy entered into amongst the parties was calculated, conscious and malicious in an effort to deprive the Plaintiffs [sic] from money, property, liberty, reputation and the constitutional decree to have the freedom to 'Life, Liberty and The Pursuit of Happiness.'"

(DN 1 at Paragraph 27). Notably, the phrase "Life, Liberty, and the pursuit of Happiness" is set forth in the Declaration of Independence not the United States Constitution. Thus, Faller has not stated a viable § 1983 claim because he is alleging a deprivation of an inalienable right articulated in the Declaration of Independence, not a right, privilege, or immunity secured by the Constitution and laws of the United States.

Because Faller is a *pro se* litigant, the undersigned will assume he is intending to allege these private persons have deprived him of his right, secured by the Fourteenth Amendment, to be free from state deprivations of life, liberty, or property, without due process of law. However,

5

"only a State or a private person whose action 'may be fairly treated as that of the State itself,' ... may deprive him of 'an interest encompassed within the Fourteenth Amendment's protection' ..." Flagg, 436 U.S. at 157 (citations omitted).

Since Faller has not named a public official as a defendant, the key issue presented by this § 1983 claim is whether Defendants' alleged actions may fairly be attributed to the Commonwealth of Kentucky. Simescu v. Emmet County Dept. Of Social Services, 942 F.2d 372, 374 (6th Cir. 1991) (citations omitted). However, Faller has not alleged Defendants were delegated a power traditionally reserved to the State nor has he alleged they were performing an exclusive public function (DN 1). Flagg, 436 at 157-163. Nor do the allegations in the complaint satisfy the public function test, the State compulsion test, the joint action test, or the nexus test used to determine whether significant State involvement attaches to the action. Wagner v. Metropolitan Nashville Airport Authority, 772 F.2d 227, 229-230 (6th Cir. 1985). Additionally, Defendants did not act under color of State law when they testified before the grand jury. See e.g. Briscoe v. LaHue, 460 U.S. 325, 329-330 (1983) ("It is beyond question that, when a private party gives testimony in open court in a criminal trial, that act is not performed 'under color of law'" as is required for recovery under § 1983.); Kincaid v. Eberle, 712 F.2d 1023 (7th Cir.), cert. denied 464 U.S. 1018 (1983) (extending principles underlying Briscoe to witness testimony before grand jury). In sum, there is no State action sufficient to support the § 1983 claim alleged in the complaint. As such, dismissal of Faller's § 1983 claim with prejudice under Rule 12(b)(1) is appropriate because it lacks the legal plausibility necessary to invoke federal subject matter jurisdiction. Apple, 183 F.3d at 480.

In light of the above, the undersigned concludes there is no need to consider whether dismissal of the § 1983 claim under Rule 12(b)(6) is appropriate.

B

While Faller's RICO claim appears facially implausible, the undersigned cannot say it is totally implausible. Thus, dismissal under Fed.R.Civ.P. 12(b)(1) would not be appropriate. Apple, 183 F.3d at 480. However, for the reasons set forth below, the undersigned concludes dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate.

The law is well settled, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must construe the facts in the light most favorable to Faller and must assume all facts alleged by him are true. Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998); Persian Galleries, Inc. V. Transcontinental Ins. Co., 38 F.3d 253, 258 (6th Cir. 1994) ("All factual allegations must be resolved in plaintiff's favor"). "When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor." Bloch, 156 F.3d at 677. However, the Court does not have to accept "as true legal conclusions or unwarranted factual inferences." Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).

A person alleging a violation of the RICO Act must demonstrate "1) there were two or more predicate offenses; 2) the existence of an enterprise engaged in or affecting interstate or foreign commerce; 3) a nexus between the pattern of racketeering activity and the enterprise; and 4) an injury to his business or property by reason of the above." Frank v. D'Ambrosi, 4 F.3d 1378, 1385 (6th Cir. 1993) (citing Beneficial Standard Life Ins. Co. v. Madariaga, 851 F.2d 271, 274 n. 5 (9th Cir. 1988)). The undersigned concludes that the complaint fails as to the second requirement because it does not allege an "enterprise," that is defined as including "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in

fact although not a legal entity [.]" 18 U.S.C. § 1961(4). Additionally, the complaint does not allege the actions of Defendants have affected interstate commerce (DN 1).

Specifically, the complaint does not allege the Defendants in this matter constitute a legal entity. Giving Faller the benefit of the doubt, he may be alleging Defendants combined to form an association-in-fact. However, "[t]o satisfy the enterprise requirement, an association-in-fact must be an ongoing organization, its members must function as a continuing unit, and it must be separate from the pattern of racketeering activity in which it engages." D'Ambrosi, 4 F. 3d at 1386. Id. (citing United States v. Turkette, 452 U.S. 576, 583 (1981)). Construing the conclusory statements in the complaint in a light most favorable to Faller, he has failed to allege the existence of an enterprise, as that term is defined in the RICO Act. The allegations set forth in the complaint do not depict an association of individuals engaged in a pattern of racketeering activity that affects interstate commerce. Rather, the complaint alleges each of these eighteen former employees were involved in stealing Faller's business checks, uttering forged instruments, making false criminal charges against Faller and his wife, giving false testimony to the Russell County Grand Jury to cause Faller and his wife to be falsely charged and then attempting to extort money from Faller in exchange for favorable testimony should the case go to trial. This is not sufficient to survive dismissal under Rule 12(b)(6). See Begala v. PNC Bank, Ohio, National Association, 214 F.3d 776, 781-782 (6th Cir. 2000) (dismissing, under Fed.R.Civ.P. 12(b)(6), the Plaintiff's complaint which merely listed "a string of entities allegedly comprising the enterprise" and a "string of supposed racketeering activities" because the complaint did not "contain facts suggesting that the behavior of the listed entities [was] 'coordinated' in such a way that they [functioned] as a 'continuing unit'..."); White v. Clay, 2001 WL 1793746, *2 (W.D. Ky. 2001) (dismissing, under Fed.R.Civ.P. 12(b)(6), the complaint because the allegations "depict not an association of individuals engaged in

8

a pattern of racketeering activity, but rather several individuals involved, either directly or indirectly, in the divorce proceeding of Mr. White and Ms. Daniels."). Accordingly, Faller has failed to state a RICO claim and it should be dismissed with prejudice under Fed.R.Civ.P. 12(b)(6). White, 2001 WL 1793746, *3.

C

Since the federal claims set forth in the complaint should be dismissed pursuant to Rule 12(b)(1) and (b)(6), the undersigned recommends the Court decline to address the State law fraud claim Faller asserts in the complaint. United Mine Workers v. Gibbs, 383 U.S. 715 (1966); 28 U.S.C. § 1367(c)(3). Notably, the Court lacks jurisdiction under 28 U.S.C. § 1332(a) to address his State law fraud claim because Faller and all but two of the eighteen Defendants live in Kentucky. In sum, the State law fraud claim should be dismissed without prejudice for lack of subject matter jurisdiction.

D

Even had Faller's complaint stated a valid federal claim, a stay of this action would be appropriate until the underlying criminal case before the Russell Circuit Court is resolved. Under the Younger doctrine of abstention, absent extraordinary circumstances, a federal court must decline to interfere with pending State civil or criminal judicial proceedings where important State interests are involved. Younger v. Harris, 401 U.S. 37, 37-38 (1971); see also Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 17 (1987); Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). There are three requirements that must be satisfied before application of the Younger abstention doctrine is appropriate: (1) there must be an ongoing State judicial proceeding; (2) those

9

proceedings must implicate important State interests; and (3) there must be an adequate opportunity in the State proceedings to raise constitutional challenges. Middlesex County Ethics Comm'n, 457 U.S. at 432; Mann v. Conlin, 22 F.3d 100, 105 (6th Cir.), cert. denied, 115 S.Ct. 193 (1994). This Court is to presume that the State courts are able to protect the interests of Faller, and hence he has the burden of proving otherwise in order to avoid a decision to abstain under the Younger. Pennzoil, 481 U.S. at 6; Klem v. Hyatt, 44 F.3d 415, 420 (6th Cir. 1995).

   Here, the first requirement is satisfied because there is an ongoing State judicial criminal proceedings against Faller in which Defendants are the complaining witnesses. The second requirement under the Younger doctrine is satisfied because the State criminal proceedings do implicate important State interests. Specifically, the State has an important interest in prohibiting the criminal conduct allegedly committed by Faller (he has been indicted in the Russell Circuit Court for numerous counts of theft by deception from cold payroll checks in violation of a Kentucky criminal statute). The third requirement is satisfied because the State criminal proceedings offer Faller an adequate opportunity to raise any constitutional challenges he may have to the pending State criminal charges. Further, his RICO claims in the complaint are not constitutional challenges to these underlying State criminal charges. In sum, application of the Younger doctrine of abstention is appropriate herein.

   Notably, in the complaint Faller indicates he is seeking both damages and injunctive relief (DN 1). The Sixth Circuit has held when a plaintiff is seeking damages and application of Younger abstention is proper, the district court should stay, not dismiss the complaint. Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998). It has also held when application of Younger abstention is proper and the plaintiff is seeking money damages and equitable relief the appropriate procedure is to stay the proceedings rather than dismiss the case without prejudice.

Brindley v. McCullen, 61 F.3d 507, 509 (6th Cir. 1995). Thus, even if the complaint had stated a federal claim, the Court would still have to stay this action pending resolution of the underlying criminal cases in the State courts.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the § 1983 claim be dismissed with prejudice under Rule 12(b)(1), the RICO claim be dismissed with prejudice under Rule 12(b)(6) and the remaining the State law fraud claim be dismissed without prejudice for want of subject matter jurisdiction.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:       Counsel of Record
               *Pro Se* Parties
               U.S. Magistrate Judge E. Robert Goebel